73 So.2d 357

STATE ex rel. PERRY v. NEWBERRY.

6 Div. 404.

Supreme Court of Alabama.

June 17, 1954.

126

Si Garrett, Atty. Gen., and Thos. M. Galloway, Asst. Atty. Gen., for appellant.

Jackson, Rives, Pettus & Peterson, Birmingham, for appellee.

GOODWYN, Justice.

Appeal from judgment dismissing *quo warranto* proceedings seeking to prohibit appellee, defendant below, from practicing the profession of optometry.

The facts are these: In 1937, appellee came to Alabama from Tennessee and was issued a reciprocity license to practice optometry in Alabama. Said license was issued by the State Board of Optometry on December 7, 1937, and expired on December 31, 1937. It was renewed for the year 1938, the renewal expiring on December 31, 1938. Without further renewal of the license, appellee moved to the State of Florida where he practiced optometry continuously until about February 1, 1951, at which time he returned to Alabama and made application to the Alabama State Board of Optometry for a renewal of his license, at the same time tendering the sum of $166.00 to cover the annual renewal registration fee of twelve dollars for each year and a ten dollar penalty. The Board, relying on Code 1940, Tit. 46, § 205, refused to issue the renewal license for the reason that appellee had retired from the practice of optometry for a period of more than two years. Section 205 is as follows:

"§ 205. (2888) Renewal of licenses.—Every licensed optometrist who desires to continue the practice of optometry shall annually on or before the first of January pay to the secretary-treasurer of the state board a renewal registration fee of twelve dollars, whether a member of the association or not; provided, however, that said license shall be renewed within thirty days after January first, or he shall pay the renewal registration fee of twelve dollars and penalty of ten dollars. Any licensed optometrist who retires from the practice of optometry for a period of two years may have his license renewed to practice his profession on such condition as prescribed by the state board."

The position taken by the state is that appellee, by ceasing to practice optometry in Alabama, thereby retired from such practice, within the meaning of the last sentence of Section 205, and is not entitled to renewal of his license. No point is made about appellee being entitled to renewal of his license under the first sentence of Section 205.

Specifically, the question posed is this: Does the retirement contemplated by the statute mean retirement from the practice of optometry in Alabama or complete retirement from such practice?

Our view is that it means a general withdrawal from the practice and not just ceasing or abandoning the practice in Alabama. The verb "retire" is defined in Webster's New International Dictionary, 2nd Edition, page 2128, as follows:

"To withdraw from office, a public station, business, or the like; as, having made a large fortune, he retired".

As applied here, to "retire" means to withdraw from the practice of optometry. The statute does not confine the withdrawal to the State of Alabama alone, and we see no warrant for us to read such provision into the statute. Had the legislature intended to limit the provision to withdrawal from practice in Alabama, it would have been a simple matter to have so provided.

The judgment appealed from is due to be, and is, affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.